INDIANA STOVE WORKS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 8148.    Promulgated October 25, 1927.

> 1. A deduction claimed on account of alleged ordinary and usual repairs to certain buildings disallowed since the evidence fails to establish the items classed as repairs and the cost thereof.
>
> 2. Petitioner's invested capital may not be reduced by assuming and deducting from available earnings for 1920, an obligation to pay a tentative tax for that year, thereby reducing the amount of earnings available for the payment of dividends. *Appeal of L. S. Ayers & Co.,* 1 B. T. A. 1135.

*John E. McClure, Esq.,* for the petitioner.
*Robert A. Littleton, Esq.,* for the respondent.

This proceeding is for the redetermination of a deficiency in income and profits tax for the calendar year 1920 in the amount of $1,073.28.

The petitioner alleges that in determining the deficiency herein, the respondent erred in the following particulars:

In disallowing as a deduction from gross income the amount of $3,897.67 alleged to represent ordinary and necessary expense incurred in making repairs to the petitioner's office, warehouses, and stable.

In reducing the amount of the 1920 earnings available for the payment of dividends by a tentative income and excess-profits tax for 1920 in the amount of $5,281.97, thereby reducing the petitioner's invested capital.

### FINDINGS OF FACT.

The petitioner is an Indiana corporation with its principal office at Evansville, Ind.

During the year 1920, the petitioner entered into a contract with one Nellis for performing certain work in connection with the repairing, altering, and remodeling of its office, warehouses, and stables. The contract price for the work to be performed was $6,200. After the work had started, the amount of $367.62 was expended for extras, making a total expenditure of $6,567.62.

The interior arrangement of the office was materially changed. Partitions were moved into new positions and new ones installed. The entire office was replastered and changes made in some of its windows and doors. Some new heating and lighting equipment was installed. The floor was covered with a substance designed to remedy the defects due to the removal of the partitions and additional toilet facilities were installed.

Two warehouses were connected and, due to rotten joists, the floors thereof were raised. New openings were made in the stable so that it could be used as a garage.

Of the amount of $6,567.62 expended for the work performed, the petitioner capitalized $2,669.95 and the balance of $3,897.67 was charged to expense. The segregation of the respective amounts to capital and expense was made by George J. Zurstadt, petitioner's vice president, who, before he became connected with the petitioner in 1902, had been in the lumber business. Zurstadt in arriving at the amount to be charged to expense, deducted from the total amount expended an amount which was his estimate, after consultation with the contractor, of the fair valuation of those items which, in his opinion, constituted capital expenditures. The items which he decided should be capitalized and his valuation thereof were:

| | |
|---|---|
| Plastering | $246.00 |
| Rough lumber | 491.10 |
| Finish lumber | 320.00 |
| Plumbing and heating | 1,516.85 |
| Electric fixtures | 96.00 |
| | 2,669.95 |

The amounts actually expended for those items which Zurstadt determined should be capitalized are not disclosed; neither are the amounts expended for each of the items which by the process of elimination were classed as ordinary and necessary repairs.

The petitioner's available earnings for the year 1920 amounted to $38,745.94. On March 9, 1920, and June 15, 1920, dividends were declared in the amounts of $11,445 and $9,537.50, respectively.

Upon audit of the petitioner's return, the Commissioner reduced the available earnings for 1920 by assuming and deducting therefrom tentative income and profits taxes for 1920 in the sum of $5,281.97, which action resulted in reducing the amount of earnings available for dividends on the dates they were declared, thereby reducing the invested capital.

The Commissioner also disallowed as a deduction from gross income the amount of $3,897.67 claimed as an ordinary and necessary expense for alleged repairs.

OPINION.

LOVE: The petitioner takes the position that since the contract in question covered both capital and expense items, segregation of those items was its right under the statute, and the segregation made by Zurstadt, its vice president, should be accepted until found to be erroneous. We are unable to agree with this contention. It will suffice to say that the Commissioner having disallowed the deduction claimed on account of repairs, the burden is on the petitioner to show that he erred if we are to allow the deduction.

It is probable that some of the expenditures made pursuant to the contract and disallowed as deductions by the Commissioner were for ordinary and necessary repairs, the cost of which is deductible. *Appeal of Illinois Merchants Trust Co., Executor*, 4 B. T. A. 103. But in order that we may allow a deduction on account thereof, we must be apprised of those items constituting repairs, *and also of their cost*.

The petitioner urges that all items not capitalized must necessarily be items of repair. That would unquestionably follow if we were to assume that Zurstadt had been unerring in his determination with respect to the proper allocation of the disputed items. The evidence, however, indicates that practically all of the items in controversy were additions and replacements and had a life of several years.

In view of the fact, therefore, that neither the items classed as repairs nor the cost thereof are disclosed by the record, we can only approve the respondent's determination in disallowing the deduction claimed on account thereof. *Appeal of Modesto Lumber Co.*, 5 B. T. A. 598.

The petitioner's contention that the respondent erred in reducing its invested capital by assuming and deducting from available earnings for 1920, an obligation to pay a tentative tax for the year 1920, which resulted in reducing the amount of earnings available for dividends, is sustained. See *Appeal of L. S. Ayers & Co.*, 1 B. T. A. 1135, and upon that authority we disapprove the respondent's determination in regard thereto.

> *Judgment will be entered on 15 days' notice, under Rule 50.*